[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2011
JOHN LEY
CLERK

No. 11-11274
Non-Argument Calendar

_____

D. C. Docket No. 8:08-cv-01409-JDW-TGW

SECURITIES & EXCHANGE COMMISSION,

Plaintiff-Appellee.

versus

AEROKINETIC ENERGY CORPORATION,

Defendant-Appellant,

RANDOLPH E. BRIDWELL,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 14, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

On July 23, 2008, the Securities and Exchange Commission ("SEC"), brought this action against Aerokinetic Energy Corporation ("AEC") and Randolph Bridwell, its founder and president, to remedy their fraudulent and unregistered offer and sale of AEC common stock. Over a two-year period, between September 2006 and July 23, 2008, AEC and Bridwell, in violation of federal securities laws[1], offered and sold $550,000 of AEC securities to 24 investors by falsely claiming that AEC had successfully developed, patented and marketed an alternative energy technology that could generate electricity from static air without pollution and at a lower cost than conventional means.

The next day, July 24, the district court entered a temporary restraining order ("TRO") enjoining future securities law violations, and on August 5, 2008, the court, with the defendants' consent, converted the TRO into a preliminary injunction. After the defendants and the SEC agreed to the terms of a consent decree, the district court approved their agreement and entered a consent decree which enjoined future securities law violations and ordered the defendants to pay disgorgement of ill-gotten gains together with civil penalties, the amounts of

---

[1] The SEC alleged that these offers and sales violated the registration requirements of 15 U.S.C. § 77e(a) & (c), and that the defendants' misrepresentations and omissions of material facts violated the antifraud provisions of 15 U.S.C. §§ 77q(a) and 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5.

which the court would determine on the SEC's motion.  The consent decree

provided that, when the district court entertained the SEC's motion, the defendants

> (A) [would] be precluded from arguing that [they] did not violate the
> federal securities laws as alleged in the complaint; (b) [would] not
> challenge the validity of the [agreement with the SEC] or this
> [consent decree]; (c) solely for the purposes of such motion, the
> allegations of the complaint shall be accepted as and deemed true by
> the Court, and (d) the Court may determine the issues raised in the
> motion on the basis of affidavits, declarations, excerpts of sworn
> deposition or investigative testimony, and documentary evidence,
> without regard to the standards for summary judgment contained in
> Rule 56(c) of the Federal Rules of Civil Procedure.

On March 17, 2010, the SEC moved the district court to fix the

disgorgement and civil penalty amounts.  The SEC submitted evidence that the

defendants had received $550,000 in proceeds from the sale of the AEC securities,

and requested that a penalty of $500,000 be imposed on AEC and $130,000 on

Bridwell.  The defendants then submitted evidence in response.

The district court referred the matter to a magistrate judge, who heard

argument of counsel.  He then entered a Recommendation and Report ("R & R"),

recommending that the district court hold the defendants jointly and severally

liable for $550,000 in disgorgement, with prejudgment interest, and that civil

penalties of $250,000 and $130,000 be assessed against AEC and Bridwell,

respectively.  The R & R rejected the defendants' claim that subsequent

3

developments proved that their representation to investors were true and that the SEC failed to prove the allegations of its complaint; it did so because the defendants had acknowledged the truth of those allegations and that assessments of the disgorgement and civil penalties were to be based on such allegations. The R & R also rejected the defendants' argument that $538,518 of business expenses AEC had incurred should be offset against the disgorgement the SEC sought. Finally, the R & R rejected as unpersuasive the declarations of eighteen AEC shareholders importuning the court not to sink the venture by imposing monetary sanctions.

The defendants appealed the R & R to the district court, which, after *de novo* review of the record, denied their motion to supplement the record, overruled their objections and adopted the R & R in full. As for the defendants' objection that they had not received an *evidentiary* hearing, the court noted that they had neither requested one nor objected at the hearing before the magistrate judge that the magistrate judge was depriving them of due process by limiting the hearing to oral argument of counsel. This appeal followed.

The defendants argue that they were entitled to demonstrate at an *evidentiary* hearing that AEC's enterprise was "undeniably a legitimate one," Reply Br. at 6; therefore, AEC "was entitled to have the disgorgement sum offset

4

by legitimate business expenses." *Id.* Such offset, they contend, would have benefitted the investors. As they state in the conclusion to their reply brief, AEC's "financial footing is tenuous at best and should [AEC] ultimately be forced to pay the sums ordered by the trial court, it is likely that all investors will inevitably be adversely affected. *Id.*

The decision as to whether to hold an evidentiary hearing was committed to the district court's sound discretion. *SEC v. Smyth*, 420 F.3d 1225, 1230 (11th Cir. 2005). We find no abuse of that discretion here. The hearing that was held was precisely the sort of hearing the parties agreed to in the consent judgment: the court "determine[d] the issues raised in the [SEC's] motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure." The district court's statement that the "Defendants' profits from the fraud consisted of all funds [,i.e., $550,000,] the Defendants took from investors under false pretenses," Order, December 15, 2010 at 6, was not a statement that the court was precluding the defendants from contending that the profits were some lessor amount; rather, the statement was nothing more than a rejection of the defendants' argument that the profits were a lesser amount.

The defendants argue that even if the court properly calculated their ill-gotten gains at $550,000, it should have offset that amount by the $538,518 in expenses they legitimately incurred.  They cite nothing to support their argument.  To the contrary, as the district court correctly observed, the cases overwhelmingly hold that "[h]ow a defendant chooses to spend his ill-gotten gains, whether it be for business expenses, personal use, or otherwise, is immaterial to disgorgement."  Order, December 15, 2010 at 7.

"[T]he amount of a monetary remedy under the securities laws is reviewed for abuse of discretion."  *S.E.C. v. Warren*, 534 F.3d 1368, 1369 (11th Cir. 2009).  We find no abuse of discretion here.

AFFIRMED.